**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WILBERT JACKSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 12 C 01373 |
| GEORGE GHORBANIAN, Star #10893, | ) |
| GEORGE KALFAS, Star #19329, LLOYD | ) Judge Kennelly |
| M. ALMDALE, Star #20060, PATRICK | ) |
| BARKER, Star No. 1390, and EDWARD | ) |
| HEERDT, Chicago Police Investigator, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants George Ghorbanian, George Kalfas, Lloyd Almdale, Patrick Barker and Edward Heerdt, by their attorneys, Thomas Platt Scott Cohen and Tiffany Harris, for their motion for judgment as matter of law pursuant to FRCP 50(a)(2)with respect to plaintiff's claim for unreasonable delay of medical care, state as follows:

1. Plaintiff claims that defendants unreasonably delayed medical care while in their custody in violation of his Fourth Amendment Rights.

2. The evidence presented at trial does not support plaintiff's claim as a matter of law for the following reasons:

   a. The nature of plaintiff's injuries were not serious to the extent that plaintiff experienced an unnecessary delay of medical treatment. Dr. Ron testified that plaintiff had a 2 cm cut to his lip which penetrated the inside of the mouth. She stated that when she saw plaintiff at 8:17 a.m. on the morning of his arrest, he was in no apparent distress, he had no active bleeding, and had complaints of wrist and neck pain. He had no other complaints of pain or injury, including shortness of breath, rib pain or any other symptoms. Plaintiff reported that he passed out during the evening, but further examination indicated no objective signs of concussion.

   b. Dr. Ron further stated that plaintiff had no infections or complications from the injury to his lip and that the injury could be treated up to 24 hours after it occurred without consequence. Dr. Ron further testified that plaintiff's wrist pain was accompanied by a 3 mm fracture which could have been an old injury, although

an acute fracture could not be ruled out. Dr. Ron ordered the application of a splint as a precautionary measure. She stated that treatment of the wrist injury could wait at least 1 to 2 days after its occurrence without adverse consequence.

c. Plaintiff testified that he was bleeding from his lip for hours after his arrest through his admission into lockup at just after 7 a.m., and that he had wrist pain. Photos of plaintiff show no blood on his shirt or on the bench or area where he was seated in the processing room prior to entering the lockup. Plaintiff's arrest photo shows no active bleeding.

d. Plaintiff did not indicate that he unable to participate in the show up at the White Castle and said he was able to invoke his right to an attorney when officers attempted to question him as part of the investigation of the White Castle incident.

3. Viewing the evidence in a light most favorable to plaintiff, he has not met his burden of proof that the delay in medical treatment from the time of his arrest (approximately 2:51 a.m.) and his receipt of medical care (8:17 a.m.), a period of less than 6 hours, was unreasonable as a matter of law.

Wherefore, defendants George Ghorbanian, George Kalfas, Lloyd Almdale, Patrick Barker and Edward Heerdt request this court to grant their Motion for Judgment as a Matter of Law on the plaintiff's Fourth Amendment claim of unreasonable delay of medical care.


/s/ Thomas J. Platt

30 N. LaSalle Street, #900
Chicago, Illinois 60602
06181260
312-744-4833